IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CEDRIC McSWAIN                                                              PLAINTIFF

v.                          No. 4:13-cv-122-DPM

JOSH HASTINGS; HUNTER GLOVER;
BRAD LANN; KEVIN WEBB; STUART THOMAS,
in his official capacity as Chief of Police of
Little Rock, Arkansas; and KEITH BEDWELL,
in his official capacity as Chief of Police of
Sherwood, Arkansas                                                          DEFENDANTS

ORDER

McSwain was arrested for disorderly conduct, driving while intoxicated, resisting arrest, and refusing to submit to an alcohol test. He alleges that Officers Lann, Hastings, and Webb arrested him without probable cause and used excessive force. Those officers, according to McSwain, then conspired with Officer Glover to testify falsely at McSwain's trial. McSwain has sued the Cities of Little Rock and Sherwood—through Chiefs Thomas and Bedwell. McSwain claims that his injuries flow directly from the Cities' unconstitutional policies and failures in training their officers. All the defendants seek judgment as a matter of law.

McSwain hasn't responded in substance to the defendants' summary-

judgment papers. Based on McSwain's lack of cooperation with his lawyer, the Court allowed the lawyer to withdraw. № 48. This happened around the time McSwain's responding papers were due. The Court extended by sixty days McSwain's deadline—so he could get another lawyer or respond on his own. *Ibid*. A few days before the new deadline, McSwain moved for another extension. № 51. The Court gave him three more weeks. № 52. McSwain finally responded, disputing no facts and citing no law. He said he was still looking for another lawyer and argued it would be unjust for the Court to grant defendants' motions. № 53. In these circumstances, the Court cannot excuse McSwain's failure to respond on the merits. The facts in the defendants' Local Rule 56.1 statements are deemed admitted. The Court views the record in the light most favorable to McSwain. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 473 (8th Cir. 2010).

**1. Facts.** Officer Lann was chasing a suspected drug dealer's car. The suspect crashed at an intersection and fled on foot. Officer Lann requested backup. Officers Webb and Glover responded. Glover stayed to direct traffic away from the search area, while Lann and Webb went on foot to track the fleeing suspect.

At about 2:00 a.m., McSwain was driving home from a birthday celebration and pulled up to the intersection where the suspect had crashed. Glover ordered McSwain to detour around the search area. A little bit later, Lann and Webb were searching a dark vacant lot and saw McSwain's car pull up. McSwain got out of the driver's side; and a man matching the fleeing suspect's description got in and drove away. Webb and Lann gave chase. Webb stopped when he reached McSwain and asked for McSwain's ID. Lann continued chasing the car.

When Lann rejoined Webb and McSwain, he too asked for McSwain's ID. McSwain became belligerent and cussed at the officers. Lann saw that McSwain was clenching his hands into fists. Lann believed McSwain was drunk and potentially hostile.

Officer Hastings arrived at the scene to find McSwain using profanity and refusing to identify himself. He ordered McSwain several times to calm down. McSwain responded with more profanity. Hastings then took McSwain by the shoulder and tried to lead him to a patrol car. McSwain jerked his arm away. Lann saw this, thought McSwain was resisting arrest, and went to Hastings's aid. The officers tried to arrest McSwain, but he wouldn't accept

handcuffs or get on the ground. Lann and Hastings finally slammed McSwain to the ground. There, McSwain continued fighting and refused to present his hands for cuffing. Lann punched McSwain in the ribs twice and Webb put his boot on McSwain's back to subdue him. McSwain finally submitted and was placed in Hastings's patrol car. After the arrest, Hastings drove McSwain to Glover, who said McSwain was the driver of the car that Glover had rerouted earlier.

McSwain was charged with driving while intoxicated, disorderly conduct, refusing to submit to an alcohol test, obstructing governmental operations, and resisting arrest. At trial, the Sherwood District Court found McSwain guilty of resisting arrest and refusing to submit to a breathalyzer test. The disorderly conduct and obstruction charges were merged into the convictions. The Court dismissed the DWI charge. McSwain appealed to the Circuit Court of Pulaski County, Arkansas. He negotiated a deal and pleaded no-contest to refusing to submit to arrest.

**2. Excessive Force.** Hastings, Lann, and Webb used reasonable force to arrest McSwain. When Hastings arrived at the scene, he found a belligerent citizen cussing at officers and refusing to identify himself. After McSwain

ignored repeated orders to calm down, Hastings grabbed McSwain's arm and tried to lead him to the patrol car. Once McSwain jerked his arm away and began struggling against the officers, the law permitted them to use force to make the arrest. *Carpenter v. Gage*, 686 F.3d 644, 649–50 (8th Cir. 2012). The force they used was reasonable, and each officer is entitled to qualifed immunity on McSwain's excessive-force claim. *Ibid.*

**3. False Arrest.** Before arresting McSwain, the officers needed probable cause on one offense, not every offense charged. *Foster v. Metropolitan Airports Commission*, 914 F.2d 1076, 1080 (8th Cir. 1990). His conviction in District Court—and his later no-contest plea—is a complete defense to McSwain's false-arrest claims. *Brown v. Willey*, 391 F.3d 968, 969 (8th Cir. 2004). Those claims therefore fail.

**4. Conspiracy.** McSwain has offered no specific facts to demonstrate that Hastings, Lann, Webb, and Glover, or any combination of those officers, reached an agreement to violate his constitutional rights. For that reason, McSwain's conspiracy claims fail. *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 582 (8th Cir. 2006).

**5. Municipal Claims.** To prevail on his official-capacity claims,

McSwain must first show an underlying constitutional violation. *Brockinton v. City of Sherwood, Arkansas*, 503 F.3d 667, 674 (8th Cir. 2007). He hasn't. The Cities are therefore entitled to summary judgment.

**6. Loose ends.** McSwain also claims that Lann retaliated against McSwain for exercising his First Amendment rights. The undisputed facts don't support this claim. The officers stopped McSwain in the early morning hours in a residential neighborhood. McSwain began swearing at the officers. The situation grew more and more tense, the cussing continued, and Lann saw McSwain clenching his hands into fists. All the while, McSwain was ignoring the officers' orders to calm down. The First Amendment protects citizens' expressing their opinions—negatively or positively—to police officers. *Copeland v. Locke*, 613 F.3d 875, 880 (8th Cir. 2010). But the precise reach of that protection is a question for another day. On this record, McSwain cannot show that his expressing his opinions was a but-for cause of his arrest or that Lann "singled out" McSwain for arrest because of those expressions. *Baribeau*, 596 F.3d at 481. His retaliation claim therefore fails.

McSwain also brings a host of claims under Arkansas law. Those claims are dismissed without prejudice. 28 U.S.C. § 1367(c)(3); *Keating v. Nebraska*

*Public Power District*, 660 F.3d 1014, 1018–19 (8th Cir. 2011).

* * *

Lann and Glover's motion, № 30, granted in part and denied in part. Thomas's motion, № 33, granted in part and denied in part. Hastings's motion as supplemented, № 36 & 46, granted in part and denied in part. Bedwell and Webb's motion, № 38, granted in part and denied in part. McSwain's federal claims will be dismissed with prejudice. His state claims will be dismissed without prejudice. Motion in limine, № 56, denied as moot.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 February 2015